■ BERNMIL CONTRACTING CORP. et al., Appellants, v CITY OF NEW YORK, Respondent. — In an action to recover damages based upon a construction contract, plaintiffs appeal from an order of the Supreme Court, Kings County, dated April 30, 1980, which granted defendant's motion for summary judgment dismissing the complaint, and denied their cross motion for summary judgment. Order reversed, on the law, without costs or disbursements, complaint reinstated, defendant's motion for summary judgment denied, plaintiffs' cross motion for summary judgment granted as to liability only, and case remanded to Special Term for further proceedings consistent herewith. Plaintiffs are granted leave to serve an amended complaint, if they so desire, within 20 days after service upon them of a copy of the order to be entered hereon, together with notice of entry thereof. Plaintiffs, the low bidders on a New York City contract to repave Union Turnpike, were awarded the contract on July 15, 1977. The plaintiffs' officers executed the contract, delivered it, together with the required performance bonds, to the city on July 27, 1977 and awaited notice to commence work. After waiting 60 days for the city to notify them to commence work, the plaintiffs notified the city on September 26, 1977 that they were withdrawing from the contract. Section 1.01.18 of the contract provided for such a withdrawal "If within sixty (60) calendar days after the execution of the contract, the Commissioner fails to fix the date for commencement of work". Upon receiving plaintiffs' notice of withdrawal, the city rejected the withdrawal and ordered the plaintiffs to commence work. The plaintiffs did so, under protest, pursuant to article 27 of the contract. Plaintiffs brought this action seeking damages for the city's delay in notifying them to commence work. Special Term, on the city's motion for summary judgment, dismissed the complaint. The plaintiffs properly exercised their right to withdraw from the contract pursuant to section 1.01.18 and may recover damages for the city's

improper delay in ordering work to commence. In construing the term "execution" as used in section 1.01.18 and in light of the circumstances of this case, we hold that the 60-day period set forth in the section began to run on the date that the plaintiffs executed and delivered the contract to the city. Having never been notified by the city as to whether it had performed the ministerial act of signing the contract and having no means of determining such fact, the only measure the plaintiffs had for determining if their right of withdrawal had been perfected was the date they executed the contract. To hold otherwise would render section 1.01.18 meaningless and make it impossible to prepare accurate bids on city contracts where time elements are involved. Additionally, the plaintiffs claim that damages which they allegedly incurred when the city changed the contract specifications for curb heights should be part of their cause of action. A reading of the complaint belies this contention. However, as the city is well aware of plaintiffs' claim with respect to the change in curb specifications, the plaintiffs may, if they desire, file an amended complaint with Special Term specifically delineating this claim. Summary judgment is not appropriate with respect to this claim, as questions of fact remain as to whether plaintiffs waived the claim. We have considered the remaining contentions of the parties and find them to be without merit. Mangano, J.P., Rabin, Gulotta and Weinstein, JJ., concur.